IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REY FRANCISCO ROSARIO, # 244737, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv151-MHT |
| | ) | (WO) |
| KENNETH JONES , *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This cause is before the court on a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Rey Francisco Rosario ("Rosario") on January 24, 2105.[1]  Rosario challenges his October 2011 conviction and resulting sentence for attempted theft of property in the first degree entered by the Circuit Court of Houston County.  The respondents have filed an answer (Doc. No. 11) in which they argue Rosario's petition is time-barred by the one-year limitation period applicable to § 2254 petitions.  *See* 28 U.S.C. § 2244(d).  The court agrees and finds that Rosario's petition is untimely and should be denied without an evidentiary hearing.

---

[1] Rosario filed his habeas petition in the United States District Court for the Southern District of Alabama.  That court transferred his petition to this court by order entered on March 5, 2015.  This court deems Rosario's petition as filed on the date he says he delivered it to prison officials for mailing.  *See Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In this Recommendation, document numbers ("Doc. No.") are those assigned by the Clerk of Court.  References to exhibits ("Resp'ts Ex.") are to those included with the Respondents' Answer (Doc. No. 11).  Page references are to those assigned by CM/ECF.

## II.  DISCUSSION

*AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Rosario pled guilty to attempted theft of property in the first degree on October 6, 2011.  Resp'ts Exs. B & C.  On that same date, Rosario was sentenced to 10 years in prison.

*Id*.  Rosario took no direct appeal.  Nor did he challenge his conviction and sentence by way of a state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.

Because Rosario took no direct appeal, his conviction became final on November 17, 2011 – *i.e.*, 42 days after his October 6, 2011, sentencing – as this was the date on which his time to seek direct review expired.  *See* Ala. R. App. P. 4(b)(1) (criminal defendant has 42 days from sentencing to file notice of appeal); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review.").  The one-year period for Rosario to file a federal habeas petition thus commenced on November 17, 2011.  *See* 28 U.S.C. § 2244(d)(1)(A).  Absent statutory or equitable tolling, the limitation period expired on November 19, 2012 – the first business day after November 17, 2012.

*Statutory Tolling*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . . "  28 U.S.C. § 2244(d)(2); *McCloud*, 560 F.3d at 1227.  As noted, Rosario did not challenge his conviction and sentence through a Rule 32 petition filed in the state court.  Although on November 7, 2013, Rosario filed a "Motion to Run Sentences Concurrent" in his attempted-theft-of-property case and in a separate Houston County case where he was convicted of second-degree escape (Resp'ts Ex. G), that motion

3

did not have a tolling effect on the limitation period under 28 U.S.C. § 2244(d)(2) because the motion did not attack the legality of his conviction or sentence, but instead made a plea that the trial court exercise its discretion to run his state sentences concurrently. A state court motion is not a tolling motion for purposes of § 2244(d)(2) unless it attacks the legality of the underlying sentence or conviction. *Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008). The same is true for a "Motion for Nunc Pro Tunc Reconsideration to Run Cases Concurrent Pursuant to Rule 26.12, Rules of Crim Procedure" that Rosario filed on November 3, 2014 (Resp'ts Exh. I), a "Motion for Reconsideration of Sentence Pursuant to § 15-18-8(c), Code of Alabama (1975)" that he filed on December 1, 2014 (Resp'ts Ex. L), and a "Motion for Sentence Reconsideration" that he filed on January 6, 2015 (Resp'ts Ex. J): none of these motions attacked the legality of Rosario's conviction or sentence, but instead, each requested that the trial court exercise its discretion to run his state sentences concurrently.

Furthermore, all of Rosario's motions seeking to have his state sentences run concurrently were filed well after November 19, 2012 – the date on which the one-year federal limitation period in § 2244(d) expired. Thus, even if these motions were deemed to be "properly filed applications for State post-conviction or other collateral review" for purposes of § 2244(d)(2) (which they are not), they could have no tolling effect, as they were filed when there was no limitation period remaining to be tolled. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state court petition filed following expiration of the

federal limitations period cannot toll that period because there is no period remaining to be tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) do not provide safe harbor for Rosario such that AEDPA's limitation period commenced on some date later than November 17, 2011, or elapsed on some date later than November 19, 2012. There is no evidence that any unconstitutional or illegal State action impeded Rosario from filing a timely § 2254 petition. *See* 28 U.S.C. § 2244(d)(1)(B). Rosario presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C). Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

In rare circumstances, the federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy applied only sparingly. *Logreira v. Secretary Dept. of Corr.*, 161 F. App'x 902, 903 (11th Cir. 2006). The burden

of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Rosario brings forth no evidence demonstrating he is entitled to equitable tolling, and this court knows of no reason that would support tolling of the limitation period in this case.

Here, the one-year limitation period in § 2244(d) expired on November 19, 2012. Because Rosario did not file his § 2254 petition until January 24, 2015, his petition is time-barred and this court may not address the merits.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case dismissed prejudice, because the petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).

---

[2] Rosario does not state that he is challenging his conviction and sentence in his Houston County case for second-degree escape. However, to the extent he might seek to challenge that conviction and sentence, it appears his instant petition is untimely for many of the reasons applicable to his challenge to his conviction and sentence in his Houston County case for attempted theft of property. Rosario pled guilty to second-degree escape on September 11, 2013, and he was sentenced to five years in prison on that same date. Resp'ts Exs. E, F & G. He took no direct appeal of that conviction or sentence, and he did not challenge the conviction or sentence by way of a state Rule 32 petition. Because he took no direct appeal, his escape conviction became final on October 23, 2013 – i.e., 42 days after his September 11, 2013, sentencing. The one-year period for him to file a federal habeas petition thus commenced on September 11, 2013, and expired on September 11, 2014, absent statutory or equitable tolling. His November 7, 2013, "Motion to Run Sentences Concurrent" in his escape case and his attempted-theft-of-property case did not have a tolling effect on the limitation period because the motion did not attack the legality of his conviction or sentence. *See Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008). Thus, as to his conviction for second-degree escape, his § 2254 petition filed on January 24, 2015, was filed after the September 11, 2014, expiration of the one-year federal limitation period of 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before January 4, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 22nd day of December, 2016.

        /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE